Filed 4/7/25  P. v. Kincaid CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODNEY KINCAID,<br><br>    Defendant and Appellant. | D085020<br><br><br>(Super. Ct. No. FVI24001468) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Zahara T. Arredondo, Judge.  Affirmed.

Mytili G. Bala, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Rodney Kincaid appeals the judgment sentencing him to prison after he pled guilty to driving under the influence of alcohol and admitted allegations he had a prior conviction of the same offense within the prior 10 years and a prior strike conviction.  Counsel appointed to represent Kincaid on appeal filed a brief in which she raised no claims of error and asked us to review the

record independently for reversible error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having reviewed the record and found no prejudicial error, we affirm the judgment.

BACKGROUND

The People charged Kincaid with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), driving with a blood alcohol level of 0.08 percent or more (*id.*, subd. (b)), and hit-and-run driving with property damage (*id.*, § 20002, subd. (a)).  They alleged he had a prior conviction of driving under the influence of alcohol within 10 years (*id.*, § 23550.5, subd. (a)(1)) and a prior conviction that constitutes a strike under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12).  Kincaid pled not guilty and denied all allegations.

At the preliminary hearing, San Bernardino County Deputy Sheriff David Padilla testified as follows.  As a motorist was making a turn, Kincaid sideswiped the motorist's vehicle and drove off.  The motorist followed Kincaid, took a picture of his license plate, and provided the number to law enforcement officers.  Padilla went to Kincaid's house, but he was not there.  A woman at the house told Padilla that Kincaid had been drinking and was involved in a hit-and-run accident.  Several minutes later, Kincaid arrived at the house  Padilla and a field training officer found him sitting in the driver's seat of his vehicle.  The license plate number matched the one reported by the motorist whose vehicle Kincaid had sideswiped, and Kincaid's vehicle had scratches and dents consistent with a collision.  Kincaid exited the vehicle with keys in hand and admitted he had been driving.  He also admitted he had recently consumed three or four 12-ounce beers and two shots.  Padilla saw an open, half-empty bottle of liquor on the center console of the vehicle, and Kincaid admitted he had consumed the missing liquor before the

2

collision. Kincaid was sweating and had a strong odor of alcohol on his breath, his eyes were watery and bloodshot, and his speech was slurred. The field training officer administered field sobriety tests on which Kincaid performed poorly. Padilla arrested Kincaid and obtained a warrant for a blood sample, analysis of which revealed a blood alcohol level of 0.256 percent.

The trial court held Kincaid to answer on all charges and allegations. The People filed an information, and Kincaid pled not guilty and denied all allegations.

Kincaid filed a motion to suppress evidence, including statements he made to Padilla and the blood test result. (Pen. Code, § 1538.5) He argued he had been detained without reasonable suspicion he had committed a crime, he made incriminating statements without having been given the warnings required by *Miranda v. Arizona* (1966) 384 U.S. 436, he was arrested without a warrant or probable cause to believe he had committed a crime, and the blood draw was improperly performed. The People opposed the motion After a hearing at which Padilla testified, the trial court denied the motion.

After a recess in the proceedings, Kincaid entered a change of plea. He signed a form stating he desired to change his plea to no contest to the charge of driving under the influence of alcohol, and to admit the allegations he had a prior conviction of the same offense within 10 years and a prior strike conviction. Kincaid initialed boxes on the form stating he understood and waived his trial-related constitutional rights, including the rights to have a speedy and public trial by a jury or by a judge without a jury, to be represented by an attorney, to confront adverse witnesses, to have the judge order witnesses to attend, to present evidence, and to remain silent or to

3

testify. He also checked a box stating: "I waive and give up my right to appeal from any motion I may have brought or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain." Kincaid checked other boxes stating: "I can read and understand English" and "I have had sufficient time to consult with my attorney concerning my intent to plead guilty/no contest to the above charge(s) (and admit any prior conviction or enhancement). My lawyer has explained everything on this [form] to me, and I have had sufficient time to consider the meaning of each statement. I have personally placed my initials in certain boxes on this [form] to signify that I fully understand and adopt as my own each of the statements which correspond to those boxes." The form stated the People had agreed to imposition of a prison term of 32 months, the low term of 16 months (Veh. Code, § 23550.5, subd. (a)(1); Pen. Code, § 18, subd. (a)) doubled based on the prior strike conviction (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), and to dismissal of the other charges. Kincaid's counsel signed the form and attested he had read and explained its contents to Kincaid.

The trial court examined Kincaid concerning the change of plea. The court reviewed the trial-related constitutional rights with Kincaid, who stated he understood and waived them. The court explained the terms of the plea agreement to Kincaid, who stated he understood them. When the trial court asked whether anybody had used threats or violence against him or anyone he cares about to induce him to enter the no contest plea, Kincaid answered, "No." When the court asked whether he had enough time to discuss the case with counsel, including "all of his rights, potential defenses, penalties, punishments, and future consequences of entering this plea," Kincaid answered, "Yes." The trial court asked Kincaid's counsel whether he

4

had gone over the plea form with Kincaid, and counsel answered, "Yes." The court found Kincaid understood the terms of the plea agreement; knowingly, intelligently, and voluntarily waived his trial-related constitutional rights; and voluntarily pled no contest. The prosecutor and Kincaid's counsel stipulated the information, preliminary hearing transcript, sheriff's report, and Kincaid's criminal record provided a factual basis for the plea. The trial court accepted Kincaid's plea of no contest to the charge of driving under the influence of alcohol and admission of the allegations concerning prior convictions, and granted the People's motion to dismiss the other charges. The court sentenced Kincaid to prison for the agreed term of 32 months.

Kincaid filed a notice of appeal but did not request a certificate of probable cause. (Pen. Code, § 1237.5.)

DISCUSSION

Kincaid's appointed counsel filed a brief in which she summarized the facts and proceedings, raised no claims of error, and asked us to conduct an independent review of the record for reversible error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) To assist us in conducting that review, counsel listed the following issues for consideration with citations to pertinent case law:

1. "Whether [Kincaid] waived his right to appeal as part of his plea agreement and whether any waiver of the right to appeal was knowing, intelligent, and voluntary."

2. "Whether any appellate waiver encompassed a challenge to the denial of [Kincaid's] suppression motion, and if not whether the court erred in denying that motion."

3. "Whether the court erred in sentencing appellant."

5

(See *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*) [appointed counsel who raises no claims of error must file a "brief referring to anything in the record that might arguably support the appeal"].)  We advised Kincaid he could file a supplemental brief, but he did not.

We have considered the issues suggested by counsel and reviewed the entire record, as required by *Anders*, *supra*, 386 U.S. 738, and *Wende*, *supra*, 25 Cal.3d 436, and determined there are no grounds for reversal or modification of the judgment.  We have also determined Kincaid received competent representation on appeal.

DISPOSITION

The judgment is affirmed.


IRION, Acting P. J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.